# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**UNITED STATES OF AMERICA**

v.                                                                              **Case No.: 8:18-cr-440-T-27AEP**

**NICHOLAS WHITETTO**

_____/

## ORDER

**BEFORE THE COURT** is correspondence from Defendant Whitetto (Dkt. 118), construed as a renewed motion seeking compassionate release under 18 U.S.C. § 3582(c)(1)(A) and Section 603 of the First Step Act. A response is unnecessary. The construed motion is **DENIED**.

On March 26, 2019, after pleading guilty to conspiracy to commit access device fraud, Whitetto was sentenced to 42 months imprisonment followed by 3 years of supervised release. (Dkt. 81). His first motion for compassionate release was denied for failing to include documentation reflecting that he had exhausted his administrative remedies in the Bureau of Prisons (BOP).[1] (Dkt. 109). His motion for reconsideration of that order was denied. (Dkt. 112). He then filed correspondence, which was construed as a motion seeking a reduction in sentence. (Dkt. 114). That construed motion and his construed motion seeking reconsideration were denied. (Dkts. 115, 117).

Whitetto filed this renewed motion for a sentence reduction, attaching medical records and

---

[1] The order further noted that even if Whitetto had shown that his administrative remedies were exhausted, he had not identified extraordinary and compelling reasons warranting a reduction of his sentence. (Dkt. 109 at 1-2).

asserting that "[t]he crowded nature of municipal jails such as Coleman Low facility makes it impossible with my respiratory ailments such as asthma to void danger or to care for himself will be challenging due to inadequate medical." (Dkt. 118 at 2). He further asserts that his "circumstances-particulary the outbreak of the covid-19 and [his] underlying condition places [him] at risk should [he] contract the disease-present 'extraordinary and compelling reasons' to reduce his sentence or modify." (Id.). His assertions, however, fail to establish that compassionate release is warranted.

The First Step Act amended 18 U.S.C. § 3582(c)(1)(A) to allow a defendant to seek compassionate release with the court after fully exhausting the administrative remedies available to him following the failure of the BOP to bring a motion on his behalf, or 30 days after the warden receives the request to bring such a motion, whichever is earlier. *See* First Step Act of 2018, § 603(b). In his renewed motion, Whitetto asserts that he submitted a request for compassionate release to his warden on August 23, 2020. (Dkt. 118 at 1). Although he does not provide a copy of that request, he submits the Warden's denial letter, dated September 22, 2020, which explains that Whitetto requested a reduction in sentence based on concerns about COVID-19 and that those concerns did not warrant an early release from his sentence. (Dkt. 118-1 at 1). However, even assuming that more than 30 days have elapsed since he filed a request with the warden, he has not shown extraordinary and compelling reasons warranting a modification of his sentence.

While the First Step Act provides for a sentence reduction based on "extraordinary and compelling reasons," the reduction must be "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The Sentencing

Commission promulgated its policy statement in U.S.S.G. § 1B1.13. The application notes to § 1B1.13 list four circumstances as extraordinary and compelling under § 3582(c)(1)(A): (A) a serious medical condition; (B) advanced age and deteriorating health; (C) family circumstances; and (D) an extraordinary and compelling reason other than, or in combination with, (A)-(C), as determined by the Director of the BOP. § 1B1.13, cmt. n.1.

None of the reasons offered by Whitetto fall within these circumstances. Although he provides medical records reflecting that he has asthma (Dkt. 118-1 at 12-26), he does not assert or provide documentation demonstrating that he suffers from a terminal illness or that his medical conditions substantially diminish his ability to provide self-care. *See United States v. Heromin*, No. 8:11-CR-550-T-33SPF, 2019 WL 2411311, at *1-2 (M.D. Fla. June 7, 2019) (denying compassionate release due to absence of corroboration from medical provider that defendant is unable to provide self-care or suffers a serious medical condition); *see also United States v. Dowlings*, No. CR413-171, 2019 WL 4803280, at *1 (S.D. Ga. Sept. 30, 2019) (denying compassionate release where defendant asserted he was diagnosed with a brain tumor, but does not "indicate that he is unable to care for himself while incarcerated"). And courts in this Circuit have found that "general concerns about possible exposure to COVID-19 do not meet the criteria for an extraordinary and compelling reason under U.S.S.G. § 1B1.13." *See United States v. Smith*, No. 8:17-cr-412-T-36, 2020 WL 2512883, at *4 (M.D. Fla. May 15, 2020).

In short, none of Whitetto's reasons are encompassed within the "extraordinary and compelling" circumstances in the policy statement of § 1B1.13, even if considered in combination with the criteria in the application notes. These reasons are, therefore, not consistent with the policy

3

statement in § 1B1.13. Accordingly, absent extraordinary and compelling reasons or any other basis to grant compassionate release, relief cannot be granted, and the renewed motion is **DENIED**.

    **DONE AND ORDERED** this 2nd day of October, 2020.

*/s/ James D. Whittemore*
**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to: Defendant, Counsel of Record