UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                            Case No.: 8:18-cr-440-T-27AEP

NICHOLAS WHITETTO
_____/

## ORDER

**BEFORE THE COURT** is Defendant Whitetto's "Final Motion for Compassionate Release (With Counsel)" (Dkt. 126). A response is unnecessary. The motion is **DENIED**.

Whitetto stands convicted of conspiracy to commit access device fraud. (Dkt. 81). He was sentenced to 42 months imprisonment followed by 3 years of supervised release. (Id. at 2-3). His first motion for compassionate release was denied for failing to include documentation reflecting that he had exhausted his administrative remedies in the Bureau of Prisons (BOP).[1] (Dkt. 109). His motion for reconsideration of that order was denied. (Dkt. 112). His construed motions seeking a reduction in sentence and for reconsideration were denied. (Dkts. 115, 117). And his renewed motions for compassionate release and reconsideration were denied. (Dkts. 119, 121, 124).

Whitetto, through counsel, filed this renewed motion for a sentence reduction "not to overburden this Court with unnecessary litigation, but to assuage Defendant's fears that his pro-se motions may have inadequately presented his case for compassionate release."[2] (Dkt. 126 at 1).

---

[1] The order further noted that even if Whitetto had shown that his administrative remedies were exhausted, he had not identified extraordinary and compelling reasons warranting a reduction of his sentence. (Dkt. 109 at 1-2).

[2] To the extent Whitetto's motion is construed as a motion for reconsideration of the most recent order

He seeks compassionate release based on "extraordinary and compelling reasons." (Id.). Specifically, he asserts that the conditions at Coleman Low "have deteriorated, thereby causing a change in circumstances since this court's order since October 27, 2020." (Id. at 1-2). He further asserts that he "has a lengthy history of bronchial asthma" and that "no matter how hard [he] tries to provide self-care it does not change the fact that his present situation does not allow for him to follow the social distancing guidelines and safety precautions promulgated by the [CDC]." (Id. at 2-3). His assertions, however, fail to establish that compassionate release is warranted.

While the First Step Act provides for a sentence reduction based on "extraordinary and compelling reasons," the reduction must be "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The Sentencing Commission promulgated its policy statement in U.S.S.G. § 1B1.13. The application notes to § 1B1.13 list four circumstances as extraordinary and compelling under § 3582(c)(1)(A): (A) a serious medical condition; (B) advanced age and deteriorating health; (C) family circumstances; and (D) an extraordinary and compelling reason other than, or in combination with, (A)-(C), as determined by the Director of the Bureau of Prisons (BOP). § 1B1.13, cmt. n.1.

None of the reasons offered by Whitetto fall within these circumstances. First, he again fails to provide documentation reflecting that he suffers from a terminal illness or that his "bronchial asthma" substantially diminishes his ability to provide self-care. *See United States v. Smith*, Case No. 8:17-cr-412-T-36AAS, 2020 WL 2512883, at *6 (M.D. Fla. May 15, 2020)

---

denying compassionate release (Dkt. 124), he does not present a valid reason justifying reconsideration.

(denying compassionate release to an inmate who suffered from asthma because he failed to allege that his condition substantially diminished his ability to care for himself in prison). To the extent he contends extraordinary and compelling reasons exist because he cannot practice self-care while incarcerated (Dkt. 126 at 3), that basis for relief is not encompassed within § 1B1.13. *See* § 1B1.13, cmt. n.1. Second, he does not satisfy the age-based criteria or provide any family circumstances that justify compassionate release. Third, his circumstances do not warrant a reduction in sentence under application note (D), especially when considering the factors listed in the BOP's Program Statement 5050.50, available at https://www.bop.gov/policy/progstat/5050_050_EN.pdf. (last accessed January 25, 2021).

Last, to the extent Whitetto contends this Court has the discretion, in light of COVID-19, to determine whether he has presented an extraordinary and compelling reason independent to any determination by the United States Sentencing Commission or the BOP (Dkt. 126 at 3), courts in this Circuit, with which I agree, have rejected this contention. *See, e.g., United States v. Plowright*, Case No. CR 107-167, 2020 WL 3316989, at *2 (S.D. Ga. June 18, 2020) ("[T]his Court will not consider circumstances outside of the specific examples of extraordinary and compelling reasons to afford relief."); *Smith*, 2020 WL 2512883, at *6 ("general concerns about possible exposure to COVID-19 do not meet the criteria for an extraordinary and compelling reason under U.S.S.G. § 1B1.13"). Even if district courts have discretion to independently determine what constitutes an extraordinary and compelling reason, Whitetto has failed to demonstrate an adequate basis to

3

warrant compassionate release.[3]

In summary, none of Whitetto's reasons are encompassed within the "extraordinary and compelling" circumstances in the policy statement of § 1B1.13, even if considered in combination with the criteria in the application notes. These reasons are, therefore, not consistent with the policy statement in § 1B1.13. Accordingly, absent extraordinary and compelling reasons or any other basis to grant compassionate release, relief cannot be granted, and the renewed motion is **DENIED**.

**DONE AND ORDERED** this 28th day of January, 2021.

**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to: Defendant, Counsel of Record

---

[3] Even if extraordinary and compelling reasons exist, the section 3553(a) factors do not weigh in favor of Whitetto's release. These factors aid the court in imposing a sentence that is "sufficient, but not greater than necessary . . . to reflect the seriousness of the offense and to promote respect for the law, the need for adequate deterrence, the need to protect the public, and the need to provide the defendant with educational or vocational training, medical care, or other correctional treatment." *United States v. Powers*, 790 F. App'x 176, 182 (11th Cir. 2019) (citing 18 U.S.C. § 3553(a)). In addition to these factors, "[t]he court must also consider the nature and circumstances of the offense and the history and characteristics of the defendant . . . ." *United States v. Gonzalez-Villanueva*, 810 F. App'x 809 (11th Cir. 2020) (citations omitted). Indeed, Whitetto's criminal history is extensive. *See* (Dkt. 76 at ¶¶ 54-66). When he was sentenced in this case, he was 39 years old and had a criminal history category five. (Id. ¶ 66). Reducing his sentence, therefore, would not reflect the seriousness of his offense, promote respect for the law, provide just punishment for his past behaviors, or adequately deter criminal conduct in the future.